**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **GREATER ST. LOUIS CONSTRUCTION** )<br>**LABORERS WELFARE FUND, et al.,** )<br>  )<br>  **Plaintiffs,** )<br>  )<br>**vs.** )<br>  )<br>**ZOIE LLC,** )<br>  )<br>  **Defendants.** )  | **Case No. 19-CV-202-SMY** |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiffs' Motion for Default Judgment (Doc. 9). Plaintiffs, are various funds, trusts, trustees, and unions, filed the instant action against Defendant Zoie, LLC pursuant to the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1131, *et seq.* and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, *et seq.* to enforce employee benefit plans. Zoie was served with summons and a copy of the Complaint on March 4, 2019 and its responsive pleading was due by March 25, 2019 (Doc. 7). However, Zoie failed to answer or otherwise plead to the Complaint by the deadline and the Clerk of Court entered default on May 22, 2019 (Doc. 12).

Under the Federal Rules of Civil Procedure, a defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the Complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). Whether to enter default judgment is within the district court's discretion. *O'Brien v. R.J. O'Brien*

*& Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir.1993).

After filing their Motion for Default Judgment, Plaintiffs filed a Stipulation for Entry of Consent Judgment in the amount of $103,830.45 to be paid in monthly installments for 18 months. The Stipulation is signed by Plaintiffs' counsel. However, Defendants' signature is illegible and there is no type-written name under the signature. Plaintiffs assert that Zoie has an attorney representing it in other matters, but no attorney has entered an appearance in this case. A corporation cannot represent itself, *see In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011), and the Stipulation does not provide any indicia of who is binding Zoie to the agreement.

While awaiting the entry of judgment, Plaintiff prematurely sought a writ of garnishment (Doc. 14) and the Clerk of Court issued two Summons to a Garnishee, the Bank of Springfield (Docs. 15 and 20). The garnishee responded on December 13, 2019, stating that Zoie has no funds in the bank (Doc. 22).

Either the parties have reached an agreement to settle or Defendant is wholly failing to participate in this case; scenarios that are mutually exclusive. Additionally, the Court notes that the purported settlement amount ($103,830.45) is different from the amount sought in the Complaint ($72,039.75 plus costs and fees) and the amount requested in the Motion for Default Judgment ($139,379.59).

The Court cannot enter judgment in the face of the above-referenced irregularities. Accordingly, the Motion for Default Judgment is **DENIED without prejudice**. Further, because it was erroneously issued prior to judgment, the garnishment summons issued by the Clerk of Court is **QUASHED** (Docs. 15 and 20). **Plaintiffs shall take no further action in this case to collect monies from Defendant at this time.** The parties may refile their Stipulation For Entry of Consent Judgment, or alternatively, Plaintiffs may refile their motion for default judgment,

provided the issues highlighted in this Order are remedied.

**IT IS SO ORDERED.**

**DATED: March 16, 2020**

**STACI M. YANDLE**
**United States District Judge**